## Thorne Unemployment Compensation Case.

Argued October 5, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Sidney Finkelstein,* with him *Herbert S. Levin,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

*Francis Ballard,* with him *Hamilton C. Connor, Jr., Frederic L. Ballard* and *Ballard, Spahr, Andrews & Ingersoll,* for Philadelphia Transportation Company, intervening appellee.

OPINION BY RENO, J., November 14, 1950:

Appellant's claim was denied by the bureau, the referee and the board because his discharge was caused by his own willful misconduct within the meaning of the Unemployment Compensation Law, §402(e), 43 P.S. §802, which provides: "An employe shall be ineligible for compensation for any week . . . In which his unemployment is due to his discharge or temporary suspen-

sion from work for willful misconduct connected with his work; . . ."

Appellant was employed as a laborer by the Philadelphia Transportation Company. On several occasions he had spoken to assistant superintendent Wood concerning a promotion. On October 18, 1949, while at work, appellant was told that he was to report to another location on the following Monday, a common procedure. The board found that appellant approached Wood and after some discussion struck him twice with his open hand.

Appellant contends he attempted to question Wood regarding the promotion and Wood called him an opprobrious epithet, whereupon he raised his hand in a threatening manner and turned Wood around but did not strike him. Wood denied calling appellant a vile name. On this conflict in the testimony the board made no definite finding of fact but in its discussion stated: "The claimant alleged that the assistant superintendent called him an opprobrious name, although, *in the absence of corroborative testimony, this is not clearly established.*" (Emphasis added.)

The credibility of witnesses, the weight of their testimony and the reasonable inferences to be drawn from the evidence are for the board. *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380. Our only function on appeal is to determine whether the evidence is sufficient to support the findings and conclusions of the board, as the board's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive, and in such cases the jurisdiction of this Court is confined to questions of law. *Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 60 A. 2d 568. It is immaterial that the board accepted part of appellant's testimony and rejected other parts as not worthy of belief. Its findings

of fact are based upon competent testimony and therefore binding upon us.

There can be no doubt that appellant's deliberate attack upon the assistant superintendent was willful misconduct connected with his work. Cf. *Guede Unemployment Compensation Case,* 162 Pa. Superior Ct. 479, 58 A. 2d 197, (drinking on duty in violation of orders); *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639, (repeated absences from work without good cause). Appellant's conduct was not excusable even had the board found insulting words were spoken. Words, however gross and abusive, do not justify an assault and battery. 4 Am. Jur., Assault and Battery, §53.

Decision affirmed.