Wilsey Unemployment Compensation Case.

Argued April 10, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Samuel E. Grant,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Roland M. Morgan,* Associate Counsel, for appellee.

*Jacob M. Murdock,* with him *William J. Kenney* and *Rose, Eichenauer, Stewart & Rose,* for intervenor, appellee.

OPINION BY DITHRICH, J., July 19, 1951:

This is an appeal from an order of the Unemployment Compensation Board of Review. Glenni S. Wilsey, claimant, was employed by the Joy Manufacturing Company of Franklin, Pa., as a drill press operator until his separation from that employment April 25, 1949. The following day he registered for work and filed application for unemployment compensation. The Bureau denied the claim but was reversed by the ref-

eree. The Board reversed the referee and disallowed benefits on the ground that claimant's unemployment was the result of his "willful misconduct" within the meaning of §402(e) of the Unemployment Compensation Law. That section, as amended May 29, 1945, P. L. 1145, 43 PS §802, provides in part: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ."

The circumstances surrounding claimant's loss of employment with the Joy Manufacturing Company are recited in the Board's second and third findings of fact, as follows: "2. During the course of his employment with the Joy Manufacturing Company, the claimant constructed for himself, on the employer's premises, a tool box from pieces of scrap metal. In some instances, he asked permission to use the metal but in most instances he did not. The tool box was eventually completed and permission finally given to remove it from the company's premises. On or about April 25, 1949, claimant was apprehended leaving the side door of the plant having in his possession a piece of sheet steel having surface measurements of 7″ x 24″ and being 1/16″ thick. No permission for the removal of such piece of steel had been given. When apprehended the claimant stated that he was leaving by the side door in order to avoid being observed by the State Police; that he was driving his automobile during a period of suspension and was afraid the State Police might possibly be waiting for him at the main entrance. He further stated that he intended to use the piece of sheet steel in the plant, but was taking it to his car for safe keeping inasmuch as there was no place to leave it in the plant. Upon being apprehended with the sheet steel in his possession claimant was given the choice of resigning or being discharged on the basis of theft. Claim-

ant elected to submit his resignation. 3. Claimant removed the metal from the employer's plant knowing that he had no permission or authority to do so."

The Board also properly stated in its decision that, "Although he submitted his resignation, it is apparent that termination of his employment resulted from the action of the employer and that the opportunity for a choice between resignation and dismissal was merely in the interest of avoiding the stigma of a discharge. Therefore, the case must be determined on the basis of termination by dismissal."

The Board accepted claimant's explanation for his use of the side door on the occasion in question but expressly rejected the explanation with respect to claimant's taking of the metal to his car. It then concluded that Wilsey "was aware of lack of permission to remove the metal and that in actuality he was making a surreptitious removal," constituting a wrongful act, thus disqualifying him under §402(e).

In the evaluation of the facts in this case it should be noted that the property taken was admittedly of slight value; the uncontradicted testimony of claimant was that it was worth less than five cents. Moreover, the employer's personnel manager testified that "If he had gone right out through the guard house there would be nothing said about it. He could get permission to take it. We never denied our men that privilege." It is also clear from his testimony that the taking of this *one piece* of metal was the sole act of misconduct which provoked claimant's discharge.

In view of the foregoing the question for our determination is whether a single instance of an employee's taking of a piece of sheet steel of negligible value without permission constitutes willful misconduct within the meaning of the statute, where such permission would have been given if requested.

With a full realization that the findings of fact made by the Board when supported by substantial evidence are binding upon us (*Devlin Unemployment Compensation Case*, 165 Pa. Superior Ct. 153, 67 A. 2d 639), and viewing the testimony in the light most favorable to the party for whom the Board has found (*Smith Unemployment Compensation Case*, 167 Pa. Superior Ct. 242, 74 A. 2d 523), we have no alternative but to affirm its order.

Order affirmed.