## Morgan Unemployment Compensation Case.

Argued March 24, 1954. Before Ross, Gunther, Wright and Ervin, JJ. (Rhodes, P. J., Hirt and Woodside, JJ., absent).

*Sydney Finkelstein,* for claimant, appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*Raymond J. Broderick,* for employer, intervenor, appellee.

OPINION BY GUNTHER, J., July 13, 1954:

Claimant was a painter who had worked for his employer for about a month prior to Sunday, December 2, 1951, when he left his work to go hunting. On his return on December 6, the employer refused to take him back. He filed a claim for benefits and was denied compensation by the Bureau and the referee on the ground that he voluntarily left his job without good cause within the meaning of §402(b) of the Unemployment Compensation Law. The Board affirmed, but held claimant ineligible under §402(e) of the Act. On appeal this Court remanded the case to the Board for further hearings. In our opinion, *Morgan v. Unemployment Compensation Board,* 174 Pa. Superior Ct. 59, 98 A. 2d 405) we indicated that the record did not support a finding of ineligibility under §402(b), but might be sufficient under §402(e), except that the referee had improperly excluded certain relevant testimony. The Board has since held a new hearing, at which the previously excluded testimony was heard, vacated the prior findings and substituted new findings, and has again refused benefits under §402(e).

The applicable portion of the law, 43 PS §802(e), provides that an employe shall be ineligible when "his unemployment is due to his discharge . . . from work

for willful misconduct connected with his work." Willful misconduct has been defined as intentional disregard of the employer's interest or violation of the employer's rules or a disregard of the standards of behavior the employer could have a right to expect. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. The facts in this case, which were made findings by the Board and are substantiated by competent evidence, establish that claimant wanted to go on a hunting trip on December 2, 1951 and discussed the plan with his employer. The employer demurred and claimant agreed to postpone the trip. The employer obtained a rush order for painting on the weekend of December 2 and told the claimant he would have to work that day. Claimant worked till noon, December 2, and then left to go hunting without asking permission, although he was scheduled to work until 4:30 P.M. in order to help complete the contract that day. Claimant returned December 6 and was in effect, discharged by the employer. The record supports a finding that the claimant knew exactly what he was doing and deliberately violated the express orders of his employer, who was fulfilling a rush order and needed all his men at work on the day in question.

Although a single instance of misconduct is usually not such as to bring an employe within the prohibitions of §402(e), we have previously affirmed an order denying compensation for an incident of much smaller import to an employer. *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503. In this case the misconduct was clearly inimical to the employer's interests and was deliberate and flagrant according to the Board's findings of fact, which were supported by substantial, competent evidence.

Decision affirmed.