## Watson Unemployment Compensation Case.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*M. Herbert Syme,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

*Samuel A. Schreckengaust, Jr.,* with him *McNees, Wallace & Nurick,* for intervening appellees.

OPINION BY WRIGHT, J., November 9, 1954:

In this unemployment compensation case Rose M. Watson (hereinafter referred to as claimant) was denied benefits by the bureau, the referee, and the Board of Review on the ground that she refused to accept suitable employment without good cause under the provisions of Section 402(a) of the Unemployment Compensation Law. The question involved is whether the 1953 amendment to Section 402(b),[1] considered in *Spotts Unemployment Compensation Case,* 176 Pa. Superior Ct. 484, 109 A. 2d 212, applies as well to Section 402(a).

Claimant lives in Lebanon. She was last employed by the Hershey Chocolate Corporation at Hershey, Pennsylvania, from July 13, 1953, to January 29, 1954, as the operator of a candy wrapping machine. On March 3, 1954, claimant was referred for employment as a sewing machine operator with the Barre Lynn Sportswear Company, at Annville, Pennsylvania. Claimant does not challenge the suitability of the proffered employment. However, her work at Hershey was on the second shift, from 2:30 p.m. to 11:00 p.m., whereas the work at Annville was on the first shift, from 7:00 a.m. to 4:00 p.m. Claimant refused to accept work on the first shift because it was necessary for her to drive her twelve year old daughter to school in the morning, and from and back to school at noon. Claimant was ready and willing to accept employment

---

[1] Act of August 24, 1953, P. L. 1397 section 4, 43 PS 802.

on the second or third shift, but such work was not available.

The contention of claimant's able counsel is that the 1953 amendment applies only to subsection (b) of Section 402, which relates to situations in which the employe voluntarily leaves work, and has no application to subsection (a) of Section 402, which relates to situations in which the claimant is laid off and subsequently refuses to apply for or accept suitable work. Insofar as material to our present discussion, subsection (a) of Section 402 provides that "An employe shall be ineligible for compensation for any week in which his unemployment is due to failure, without good cause, either to apply for suitable work . . ., or to accept suitable work . . ."; subsection (b) of Section 402 provides that "An employe shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without good cause . . ." It is important to note that both subsections contain the phrase "without good cause". By the amendment of 1953, the words "marital, filial and domestic circumstances and obligations shall not be deemed good cause *within the meaning of this act*" (italics supplied), were inserted in subsection (b).

Prior to the 1953 amendment, domestic obligations were considered "good cause" under both Section 402 subsection (a)[2] and Section 402 subsection (b).[3] No distinction was made between situations in which the employe voluntarily quit work and situations in which

---

[2] *Mooney Unemployment Compensation Case*, 162 Pa. Superior Ct. 183, 56 A. 2d 386; *Quiggle Unemployment Compensation Case*, 172 Pa. Superior Ct. 430, 94 A. 2d 367.

[3] *Teicher Unemployment Compensation Case*, 154 Pa. Superior Ct. 250, 35 A. 2d 739; *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 45 A. 2d 898; *Hamilton Unemployment Compensation Case*, 172 Pa. Superior Ct. 413, 94 A. 2d 63.

the employe refused to accept suitable work. There can be no question that the 1953 amendment has limited the meaning of "good cause" under subsection (b) : *Spotts v. Unemployment Compensation Board of Review,* supra. However, it is urged that the legislative intent was to adopt this limitation only in cases arising under subsection (b), while still adhering to the definition heretofore supplied by judicial interpretation in cases arising under subsection (a). The anomalous situations which would result from such a construction readily illustrate the fallacy of the argument.[4] Employes voluntarily leaving work because of marital, filial or domestic reasons would be denied benefits, while those who refused suitable work for the same reasons would be entitled to benefits.

In our opinion the Legislature was aware of the interpretation given by the courts to the term "good cause" under both subsections. Instead of using the words "under this subsection", which appear with respect to an earlier clause, the Legislature said "within the meaning of this act". It is obvious that these significant words were intended to have their literal import. A word or phrase, the meaning of which is clear when used in one place, will be construed to mean the same elsewhere in the same section of the statute: *Commonwealth v. Stingel,* 156 Pa. Superior Ct. 359, 40 A. 2d 140; *Bonomo Unemployment Compensation Case,* 161 Pa. Superior Ct. 622, 56 A. 2d 288; *Midvale Co. v. Unemployment Compensation Board of Review,* 165 Pa. Superior Ct. 359, 67 A. 2d 380.

---

[4] Section 52 of Article IV of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS 552, provides in part "That the Legislature does not intend a result that is absurd, . . . or unreasonable". Statutes should receive a sensible construction, and one by virtue of which absurdity and mischief may be avoided: *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254.

Claimant also argues that "the enunciated policy of the Act precludes an application of the 'domestic obligations' disqualification to Section 402(a)". We have disposed of this contention adversely to claimant's position in *Spotts Unemployment Compensation Case,* supra, wherein we pointed out that the general declaration of public policy in the statute must yield to the specific provisions of Section 402. See *Midvale Co. v. Unemployment Compensation Board of Review,* supra, 165 Pa. Superior Ct. 359, 67 A. 2d 380.

Decision affirmed.