## Thibodeau Unemployment Compensation Case.

Argued November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Daniel T. Zamos*, for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., March 24, 1955:

This is an appeal from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying benefits under section 402(b) of the Pennsylvania Unemployment Compensation Law Act of 1936 (1937) P. L. 2897, §402(b), as amended, 43 PS §802(b).

Claimant who is 34 years of age, was last employed as a laborer in the hammer shop of the Pittsburgh Forging Company in Coraopolis. He was employed by this company from September 25, 1951 until May 13, 1953. On the latter date he terminated the employment relationship admittedly on his own volition —indicating to a representative of the Bureau of Employment Security that he quit "because of working conditions".

Despite this "dissatisfaction" it was not until approximately three months prior to his last day of work that he made any complaint to his employer, at which time he informed the assistant personnel director that some of his fellow workers were "kidding" him. This "kidding" took the form of derogatory and opprobrious remarks directed toward the claimant. After his talk with the company official the "kidding" ceased for some time but was later taken up mostly by another group of employes. When this occurred the claimant went to the personnel office and submitted his resignation. He did not discuss this situation with his union representative although he had a right to do so as a member of the union which was the bargaining agent for the employes and which was in a position to deal with matters of this nature. He did not

attempt to continue the employment relationship for a longer period in order to enable the employer to deal further with the problem. He did not have any prospects for other employment at the time of his resignation. He merely told the employer he was resigning because "they were kidding me and I couldn't take it."

The issue is thus whether taunts of fellow workers directed to an adult male employe can be considered good cause for voluntarily terminating an employment relationship. The burden of establishing good cause was upon the claimant. *Sledzianowski Unemployment Compensation Case*, 168 Pa. Superior Ct. 37, 40, 76 A. 2d 666 (1950). Good cause arises when "the pressure of real not imaginary, substantial not trifling, reasonable not whimsical, circumstances *compel* the decision to leave employment." *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898 (1946).

A man is expected to be able to take "kidding" by fellow employes, and to ignore remarks made by them. For centuries man has been compelled to restrain himself when abused by words alone, for it has long been the law that "Words, however gross and abusive, do not justify an assault and battery." *Thorne Unemployment Compensation Case*, 167 Pa. Superior Ct. 572, 76 A. 2d 485 (1950).

Ordinarily, words of fellow employes spoken in jest, or for the purpose of "kidding", even when gross and abusive, do not justify a voluntary termination of the employment relationship, and this is particularly true where, as here, the claimant did not take reasonable steps to alleviate this source of irritation, and where there is no testimony indicating that this situation was having any marked deleterious effect upon the claimant's health or morals.

Order affirmed.