488

Armstrong Unemployment Compensation Case.

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*Leonard Spear*, with him *Paul Ribner*, for appellant.

*Sydney Reuben*, Special Deputy Attorney General, with him *Herbert B. Cohen*, Attorney General, for appellee.

OPINION PER CURIAM, November 16, 1955:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review holding him disqualified for benefits under section 402 (e) of the Unemployment Compensation Law, 43 PS §802, which provides, inter alia: "An employe shall be ineligible for compensation for any week— . . . (e)

In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ."

Claimant was employed by the Snyder Manufacturing Company, Philadelphia, as a maintenance carpenter, at $1.96 per hour. His working hours were from 8:00 a.m. to 4:30 p.m. His last day of work was November 5, 1954. About 4:15 p.m. on that day, claimant was informed that a carpenter was needed to shore a freight car which was being shipped to California, and that claimant would be required to examine the car, determine the amount of lumber needed, and shore the car in order that it could be shipped out that night. This work was a part of claimant's regular duties.

The board made the following findings of fact:

"2. On claimant's last day of work approximately ten to fifteen minutes before his regular quitting time he was instructed to examine a freight car, determine the amount of lumber needed and shore the car. This was in line with the claimant's regular duties and was an important emergency job which had to be performed that day and would require 1½ to 2 hours work.

"3. Claimant refused to perform the assigned job because it was too near to quitting time and he assumed that he might not be paid overtime. He was discharged for his refusal to perform assigned duties."

These findings of the board are supported by substantial, competent evidence, and are therefore binding on us.

Claimant endeavored to excuse his conduct on the ground that he might not receive extra pay for the overtime work. There is no merit in this position; he was not told that he would not be compensated for performing the assigned work. In fact, he had always received extra pay for production work performed after his regular working hours. The work related to a mat-

ter requiring immediate attention, as the car had to go out that night. Claimant's reason for refusing to perform the additional work was untenable; his action was arbitrary and inimical to his employer's interests, and constituted willful misconduct within the meaning of the Law. See *Morgan Unemployment Compensation Case,* 176 Pa. Superior Ct. 297, 106 A. 2d 618; *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886.

Decision is affirmed.