Kelter Unemployment Compensation Case.

Argued March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Sheldon Tabb,* with him *Edward Davis,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 11, 1956:

Charles T. Kelter was employed by the Progress Platemaking Company in Philadelphia, Pennsylvania, as a stereotyper, working on the day shift. Due to insufficient work, men on the day shift were idle, while men on the night shift were working overtime. In order to balance the work force, the employer decided to transfer several men to the night shift. Kelter was the last employe on the day shift in point of seniority, and was requested to accept a transfer. Upon his refusal, he was laid off. His application for unemploy-

ment benefits was disallowed by the Bureau, the Referee, and the Board of Review. This appeal followed.

Appellant's testimony clearly establishes that, at the time of the layoff, he was requested to transfer to the night shift. It is undisputed that work on the night shift was available. Rather than transfer, appellant accepted the layoff. The record discloses that appellant's union was notified of the employer's action, and no protest was lodged. Appellant was offered continuing employment in the same capacity and under the same terms, except that his shift was changed. The compensation authorities were therefore entirely correct in denying benefits on the ground that appellant was ineligible under Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS 802(b).

The reason originally advanced by appellant for refusing to work the night shift was his wife's nervous condition following a burglary at their home some years before. Appellant testified that his wife was afraid to stay alone at night. As it read at the time appellant's claim was filed, Section 402(b) of the statute provided that "marital, filial and domestic obligations shall not be deemed good cause within the meaning of this act". While the quoted language has been deleted by the Act of March 30, 1955, P. L. (Act No. 5), the 1955 amendment is not applicable to appellant's claim, and its effect need not be here considered.

Appellant's counsel now contends that appellant was justified in refusing to work the night shift because he was 72 years of age, of slight stature, and would have to walk four city blocks at one o'clock a.m. through a neighborhood wherein there had recently been several burglaries. It is argued that the night shift was therefore not "suitable work" under Section 4(t) of the Unemployment Compensation Law (43 PS

753(t)).[1]  The cases cited in the brief[2] are entirely inapposite.  Passing the circumstance that it was not advanced by appellant as a reason for refusing the transfer, the fact that an employe may be required to travel by night to or from his place of employment does not constitute a restriction upon the statutory definition of "suitable work".

In our view, the case at bar is controlled by *Spotts Unemployment Compensation Case*, 176 Pa. Superior Ct. 484, 109 A. 2d 212, in which we expressly ruled that a change in shifts cannot be considered a change in the terms of employment.  As we said in the *Spotts* case: "To suggest that claimant did not 'voluntarily' cease work, in the face of the offer of continued employment on a different shift, is to give the situation an unrealistic interpretation.  It is clearly apparent that the employment relationship was severed by claimant and not by her employer, and claimant's reason for the severance cannot be considered good cause under the express language of the 1953 amendment".

Decision affirmed.

---

[1] "(t) 'Suitable Work' means all work which the employe is capable of performing.  In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence . . ."

[2] *Watson Unemployment Compensation Case*, 176 Pa. Superior Ct. 490, 109 A. 2d 215; *Pusey Unemployment Compensation Case*, 159 Pa. Superior Ct. 571, 49 A. 2d 259; *Kelleher Unemployment Compensation Case*, 175 Pa. Superior Ct. 261, 104 A. 2d 171; and *Filchock Unemployment Compensation Case*, 164 Pa. Superior Ct. 43, 63 A. 2d 355.