## Dati Unemployment Compensation Case.
American Bag and Paper Company, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*M. Kalman Gitomer*, with him *Blank, Rudenko & Klaus*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

This is an unemployment compensation case in which the appellant employer discharged Alice Dati,

an employee claimant, because of willful misconduct. The bureau and the referee had denied compensation. The Unemployment Compensation Board of Review reversed the referee, found for the claimant and the defendant company appealed to this Court.

The board found as a fact that the claimant stopped her machine in defiance of instructions from her superior, an inspectress, to start her machine and resume working and that the claimant used abusive language to her superior and told her she could stop her machine whenever it was necessary.

The question involved is whether the claimant is eligible for unemployment compensation with the above findings of fact by the board under Section 402 (e) of the Unemployment Compensation Act, 43 PS §802 (e) where it is provided that, "An employe shall be ineligible for compensation for any week—(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work."

We are not impressed by the argument that a single instance of misconduct is usually not such as to bring an employee within the prohibition of Section 402 (e). The important element is the misconduct itself and how seriously it affects the claimant's employment or employer and certainly no hard or fast rule could be made to cover this situation. The cases so hold. In *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886 (1951), the Court stated at page 294, " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's, interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee,

or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' "

The standards set forth in the *Detterer* case have been held to apply to many cases where only one act of the employee was involved and resulted in his discharge. In the *Morgan Unemployment Compensation Case,* 176 Pa. Superior Ct. 297, 106 A. 2d 618 (1954), where the claimant left his work without permission and said he would not work part of a particular day, the Court in denying claimant's petition stated at page 299, "Although a single instance of misconduct is usually not such as to bring an employe within the prohibitions of §402 (e), we have previously affirmed an order denying compensation for an incident of much smaller import to an employer . . . . In this case the misconduct was clearly inimical to the employer's interests and was deliberate and flagrant according to the Board's findings of fact, which were supported by substantial, competent evidence." See also *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217 (1955) ; *Bates Unemployment Compensation Case,* 171 Pa. Superior Ct. 529, 90 A. 2d 379 (1952) and *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503 (1951). These cases indicate that no prior acts of misconduct are necessary to deny claimants benefits under the act and despite a prior good record, a single act may constitute willful misconduct under the act.

This Court further defined misconduct in *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955) where it was held, " 'Willful misconduct' as used in this section does not necessarily require actual intent to wrong the employer. If

there is a conscious indifference to the perpetration of a wrong, or a reckless disregard of the employe's duty to his employer he can be discharged for 'willful misconduct' and will be denied compensation."

In the instant case the claimant committed two willful acts, each of which would have constituted willful misconduct within the meaning of the act and certainly together constitute the kind of misconduct contemplated by the law. Despite her prior good record, the claimant did defy her superior and put her judgment above that of her employer and then when called to task by her superior, abused her superior with vulgar and unprintable language. The abuse was such, that though found as a fact by the board, the inspectress refused to repeat it.

The disobedience of the order to start up her machine was a deliberate violation of employer's rules and of itself a disregard of employer's interest. If each employee could take it upon himself to decide when and how his work should be done, anarchy would result and the function of any industrial establishment would be impeded. By her own testimony an established procedure was available for making complaints about the operation of the machine. She put her own judgment above that of her superior and under these circumstances the employer is justified in taking a prompt and firm stand.

The violence of the claimant's language is readily apparent from the reading of the record and the manner in which it was handled by all who heard it and testified. The board found as a fact that the language was abusive. The effect of such language was as bad as its content. As counsel for the appellant argues, "The shop in which the claimant worked was made up of predominantly female employees, some in supervisory positions over others. The language, of vile na-

ture with sexual references, of such power as to make a supervisor want to give up her job rather than even recall it is clearly not in the best interests of the employer." The indecent abuse of the superior because of a disagreement by the claimant employee on a matter of judgment with her superior is certainly a substantial disregard of the employer's interest and of the employee's duties.

The findings of fact by the board, supported by competent evidence, constitute willful misconduct by the claimant, and as a matter of law, justify her discharge by her employer and disqualify her for benefits within the meaning of Section 402 (e) of the Unemployment Compensation Law.

The order of the Unemployment Compensation Board of Review is reversed.