## Scheibel Unemployment Compensation Case.

Argued March 18, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George D. Parrish,* with him *William R. Pomerantz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

Alfred Scheibel was employed as a picture framer by Artcraft Picture Framing, 23 South 16th Street, Philadelphia, Pennsylvania. His last day of work was January 25, 1957. He did not apply for benefits until March 20, 1958, a delay of almost fourteen months. His application was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature under Section 402(b) of.

the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(b). This appeal followed.

Claimant's original statement was as follows: "I had a quarrel with another employe and I quit". In his appeal from the Bureau's determination, claimant took the position, which he has since maintained, that he had a necessitous and compelling reason to leave work because "he was placed in fear of bodily harm and injury". Claimant was aged 78 years and had a heart condition. He was apparently a meticulous workman and could not tolerate what he considered substandard work on the part of anyone else. Claimant admitted that it was difficult for him to get along with his co-workers. On the day in question he vigorously criticized a female employe for a "bum job". The woman complained to her husband, who was working on an upper floor. The husband, a much younger and stronger man, came down to remonstrate with claimant and an altercation ensued. A fellow employe intervened, and no blows were struck. Claimant worked until the end of the day and then told his fellow employe that he was going to quit. He did not discuss the particular incident with his employer, who testified: "He explained it was hard for him to get along with people it was better for him to quit". Claimant was not discharged or laid off and continued work was available.

Our consideration of appeals of this nature is governed by certain well-established principles as follows: (1) The burden is upon claimant to prove that he is entitled to benefits; (2) The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board, and it is our duty to view the evidence in the light most favorable to the party in whose favor the Board has

found; (3) We are not at liberty to disturb findings of fact which are supported by competent evidence. See *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

Mere dissatisfaction with working conditions because of inability to adjust with fellow employes does not constitute cause of a necessitous and compelling nature for voluntarily terminating the employment relationship: *Thibodeau Unemployment Compensation Case,* 178 Pa. Superior Ct. 10, 112 A. 2d 427. In *Green Unemployment Compensation Case,* 174 Pa. Superior Ct. 286, 101 A. 2d 119, we held that a personal difference with a co-worker, as a result of which claimant was actually struck, did not justify the voluntary cessation of employment. In that case the employer requested the parties to "shake hands and make up", and claimant refused. In *McGann Unemployment Compensation Case,* 163 Pa. Superior Ct. 379, 62 A. 2d 87, it was held that the refusal of a claimant to cross a picket line because of his fear of bodily harm did not make his resulting unemployment involuntary. In *Kelter Unemployment Compensation Case,* 181 Pa. Superior Ct. 67, 121 A. 2d 907, a 72 year old claimant refused to change shifts because he was afraid to walk home at night, and we affirmed the denial of benefits.

On the record in the case at bar the Board of Review was justified in finding that claimant's fear of bodily harm, belatedly alleged, did not constitute cause of a necessitous and compelling nature. We find no reason to disturb the Board's conclusion that claimant's unemployment was self-willed and not compensable.

Decision affirmed.