## Metzger Unemployment Compensation Case.

Argued March 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Kenneth J. Metzger,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, March 24, 1960:

The Bureau of Employment Security, the referee and the Board of Review each concluded that Kenneth J. Metzger, the appellant in this case, was not entitled to unemployment compensation because his unemployment was due to his discharge from work for willful misconduct connected with his work. See §402(e) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802(e).

The board found that Metzger was instructed by his supervisor to perform certain work which he refused to do and, that after a second request was made of him, he "took the supervisor by the neck and pushed him away." As a result of this conduct, he was discharged. There is no serious dispute concerning the facts.

The board properly concluded that the claimant's behavior constituted willful misconduct connected with his work and that, having been discharged for such conduct, he was ineligible for compensation. Willful misconduct comprehends, among other things, a disregard of standards of behavior which an employer has a right to expect from an employe. *Moyer Unemploy-*

*ment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753 (1955); *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958).

Decision affirmed.