## Jarema Unemployment Compensation Case.

Argued June 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Joseph A. Malloy, Jr.,* with him *Hamilton and Darmopray,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., September 12, 1961:

This is an appeal from a decision of the Unemployment Compensation Board of Review disqualifying claimant from receiving benefits under section 402(e) of the Unemployment Compensation Law, 43 P.S. 802(e). This section provides, in part, that an employe shall be ineligible for compensation any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . ."

Claimant was employed for the last nine years by Container Corporation of America, Philadelphia, Pennsylvania as a glue operator. His last day of work was June 23, 1960. On that date claimant used very offensive language to a fellow employe. The co-worker asked him to repeat it, which he did, whereupon the co-worker punched the claimant. Claimant did not strike back. This action was observed by the plant superintendent, who promptly had the general foreman discharge both employes. The testimony shows that prior warnings about the use of improper language had been given to claimant in 1954 and again in 1956. He had also received written and verbal warnings about other infractions of the company's rules. Subsequent to the discharge, a hearing was held between union representatives and management, after which the other employe was rehired with loss of seniority because he had no previous record. Claimant was not rehired because of his past record. The Bureau of Employment Security, the Referee, and the Board of Review all concluded that the claimant's unemployment was due to his being discharged from work for willful misconduct connected with his work and, he, therefore, was disqualified from receiving benefits.

Although the Legislature did not define the phrase "willful misconduct", this Court has established as a standard that the act must be a wanton or willful dis-

regard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employe, or negligence in such a degree or reoccurrence as to manifest culpability, wrongful intent or evil design, or to show an intentional substantial disregard of the employer's interest or the employe's duties and obligations to the employer. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886.

The use of offensive language to a superior has been held to constitute willful misconduct within the meaning of the Act. *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765. Under certain circumstances and particularly where there had been prior warnings by management, the use of offensive language to fellow employes must also be construed as willful misconduct. The fact that the fellow employes of the claimant chided him by calling him names would not justify his actions. As stated in *Thibodeau Unemployment Compensation Case,* 178 Pa. Superior Ct. 10, 12, 112 A. 2d 427, 428, "A man is expected to be able to take 'kidding' by fellow employes, and to ignore remarks made by them. . . ."

The record indicates that the appellant had been warned on several previous occasions about his use of offensive language to fellow employes and about various infractions of other company rules. Even if we disregard these prior violations of company rules, it has been held by this Court that no prior acts of misconduct are necessary to deny claimant's benefits under the Act and that a single act may constitute willful misconduct. *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503.

It is our conclusion that the claimant's conduct, resulting in his discharge, was the type of act which creates dissension among fellow employes and disrupts ef-

ficient production and as such was clearly inimical to the employer's interest. Such conduct must also disqualify the claimant for unemployment compensation benefits under section 402(e) of the Law.

Decision affirmed.