Miller Unemployment Compensation Case.

Argued September 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Charles Wright,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

This is an appeal from the decision of the Unemployment Compensation Board of Review holding that the appellant, William Miller, is disqualified from re-

ceiving benefits under section 402(e) of the Unemployment Compensation Law.

The appellant was last employed by the Glassman Glass Company, Philadelphia, Pa. His last day of work was August 20, 1960 upon which date he was injured during the course of his employment and thereafter was confined to St. Mary's Hospital from August 20 to September 17, 1960.

Subsequent to his discharge from the hospital he appeared at the employer's place of business in a condition indicating he had been drinking. The purpose of his visit was to collect vacation pay which he claimed was due him, not to return to work. Since the appellant was in debt to the employer for certain advances he was not entitled to receive any vacation pay, and payment therefore was refused. As a result of this refusal appellant entered into an argument using abusive and profane language, and as a result the employer removed his name from the payroll. Although he was able to return to work on November first, claimant testified he never did return to work.

The Bureau of Employment Security, the Referee, and the Board of Review all concluded that the claimant's unemployment was due to his being discharged from work for willful misconduct and he, therefore, was disqualified from receiving benefits.

Three hearings were held before the Referee. The appellant failed to appear at the first hearing. At the second and third scheduled hearings, held as a result of the appellant's filing his petition for appeal, the appellant appeared with his attorney but the employer did not appear.

The purpose of the third hearing as stated in the original record was:

"1. Please have both the employer and the employe present for the purpose of cross-examination.

"2. Please have the shop foreman and at least one of the claimant's former fellow workers present to testify as to the occurrence on August 20, 1961."

None of the aforementioned parties appeared and no additional testimony was taken at this hearing. However, instead of requesting that subpoenas be issued to compel their appearance as provided in Art. v., section 506 of the Unemployment Compensation Law (43 P.S. 826) claimant's counsel moved for a decision on the testimony that was then before the Board of Review. This constituted a waiver of his right to cross-examine or offer the additional testimony. Where there is an opportunity afforded a party to cross-examine and he does not avail himself of it, the evidence obtained without cross-examination is competent and properly admitted, the right of cross-examination having been waived. *Hay's Appeal,* 91 Pa. 265; 5 Standard Pennsylvania Practice 339. Therefore no constitutional rights were violated.

The decision of the Board is based on facts which are supported by the record including appellant's own written admissions, as well as the testimony of the employer.

The Summary of Interview signed by the appellant contains admissions that when the appellant demanded and was refused his vacation pay he became engaged in an argument using profane language, as a result of which he was discharged. However, he denied this at the hearing.

Section 402(e) of the Unemployment Compensation Law provides, in part, that an employe shall be ineligible for compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

It has been held by this Court that the use of offensive language to a superior constituted willful miscon-

duct within the meaning of the Act. *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765. This single instance of misconduct alone would be sufficient to constitute misconduct and disqualify the appellant from receiving benefits. *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217; *Wilsey Unemployment Compensation Case,* 169 Pa. Superior Ct. 368, 82 A. 2d 503. However, it is evident from the record that the appellant frequently in the past has been derelict in his obligation to render faithful and diligent service to the employer. Several times appellant reported for work under the influence of intoxicants and on numerous occasions absented himself without notice to the employer.

Facts found by the Board after considering all the evidence and reasonable inferences to be drawn therefrom, if supported by competent testimony, are binding upon this Court. *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586. Here, the record fully justifies and supports the findings of fact made by the Board of Review.

Decision affirmed.