Buchko Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Stephanie F. Buchko,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 14, 1961:

This is an unemployment compensation case in which the Bureau of Employment Security determined that the claimant had refused an offer of suitable work without good cause and denied benefits under the provisions of §402(a) of the Unemployment Compensation Law, 43 PS §802(a). The referee reversed the decision of the Bureau on the theory that she had good cause for refusing the work. The Bureau appealed to the Unemployment Compensation Board of Review which reversed the referee and sustained the Bureau's original determination.

The claimant, Stephanie F. Buchko, was last employed as a production clerk by the Federal Enameling and Stamping Company, McKees Rocks, Pennsylvania, on April 19, 1960. On October 14, 1960, her employer offered her a position in the timekeeping department on the "B" shift, from 4:00 p.m. to 12:00 midnight which was a different shift than she had

been working. She did not accept the position because her husband worked on a similar time shift and she had to take care of her two small children. There is no dispute concerning the facts.

Section 402(a) of the Unemployment Compensation Law, 43 PS §802(a), specifically provides that a claimant shall be ineligible for benefits for any week in which the unemployment is due to a failure to apply for or accept suitable work without good cause. We have held that where a claimant has refused work because of a change in shift or limits his work to a certain time period that he is not available for work as required by the Law.

In this case the good cause set forth for refusing the assignment was the necessity to care for her small children while her husband was working. Section 402(b), 43 PS §802(b), was amended by the Act of December 17, 1959, P. L. 1893, §8, to exclude the performance of domestic obligations as such "good cause". The pertinent part of this amendment makes the claimant ineligible for benefits, ". . . in which his or her unemployment is due to leaving work . . . (II) because of a marital, filial or other domestic obligation or circumstance . . .".

It is clear, therefore, that if she left her work for the cause given, it would not be "good cause" under the Law. And if it is not "good cause" for leaving work, it isn't "good cause" for refusing an assignment to work on a different shift.

As we said in *Watson Unemployment Compensation Case*, 176 Pa. Superior Ct. 490, 109 A. 2d 215 (1954), at page 493, "The anomalous situations which would result from such a construction readily illustrate the fallacy of the argument. Employes voluntarily leaving work because of marital, filial or domestic reasons would be denied benefits, while those who refused suitable work for the same reasons would

be entitled to benefits." . . . "A word or phrase, the meaning of which is clear when used in one place, will be construed to mean the same elsewhere in the same section of the statute".

Decision affirmed.