## Massano Unemployment Compensation Case.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Maurice M. Green,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Anthony Massano was last employed as a maintenance helper by Crown Products, Inc., Philadelphia, Pennsylvania. His final day of work was October 25, 1960. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the

Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

The record discloses that claimant had been an employe of Crown Products for a considerable period of time, and was about sixty years of age. Because of his seniority, the employer endeavored to find a job for claimant "which would relieve him of stress and strain", and claimant was transferred from one job to another in an effort "to fit him into a job he could handle". Claimant's last assignment was to maintain needle boards, which merely entailed cleaning the boards and replacing broken needles. This work was well within claimant's capabilities, but he was not doing it efficiently. Following several warnings, the particular incident which resulted in claimant's discharge occurred in the following fashion. At approximately 10:30 p.m. on October 25, 1960, in the presence of the union steward, the foreman informed claimant that he was not performing his duties properly. Claimant resented this criticism, and a heated argument ensued. Claimant finally picked up a "knife", a piece of metal two and one-half feet in length which is used to clean the needle boards, raised this weapon, and admittedly "threatened to hit" the foreman. Although not controlling, it is significant that the union did not protest the employer's decision to discharge claimant because, as testified by its representative, "we couldn't quite justify the extent to which he went in the argument".

The sole question raised on this appeal is whether the evidence is sufficient to support the finding that claimant was guilty of wilful misconduct. We must consider the testimony in the light most favorable to the party in whose favor the facts have been found, bearing in mind that the credibility of the witnesses, the weight of the testimony, and the reasonable infer-

ences to be drawn therefrom are for the compensation authorities, and that findings of fact which are supported by competent evidence are conclusive on appeal: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452. Having carefully reviewed this record, we are of the opinion that it fully supports the findings of fact made by the Board of Review, and we are in accord with the Board's conclusion that claimant's "insubordination and attempting to physically assault a superior" constituted wilful misconduct. Cf. *Thorne Unemployment Compensation Case,* 167 Pa. Superior Ct. 572, 76 A. 2d 485; *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765; *Metzger Unemployment Compensation Case,* 191 Pa. Superior Ct. 588, 159 A. 2d 42.

Decision affirmed.