Hunt Unemployment Compensation Case.

Argued March 21, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jack C. Briscoe,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 12, 1962:

James D. Hunt was last employed as a porter by Schlichter Jute Cordage Company, Philadelphia, Pennsylvania. His final day of work was May 26, 1961. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936,

P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

The record discloses that claimant's discharge arose out of a dispute with a foreman concerning the unauthorized use by claimant of a fork-lift tow truck. The ensuing argument became so heated that, according to the foreman, claimant "requested me to come out on the railroad and fight". In his interview under date of June 13, 1961, claimant stated: "I did invite him outside as I did not want to fight on the premises". The following findings of the Board of Review are fully supported by the evidence: "2. The claimant was told by a foreman from another department to return a fork-lift tow-motor and to stop using it because it was charged to the foreman. 3. The claimant refused to follow the instructions given to him by the foreman from the other department and made threatening remarks to the foreman. 4. The claimant was discharged for failing to follow instructions and making threatening remarks to the foreman".

We are all of the opinion that the Board was justified in concluding that claimant's conduct was in deliberate violation of the standards of behavior which the employer could rightfully expect, and was in disregard of the employer's interests. Although not controlling, it is significant that claimant's union did not protest the discharge. Insubordination, accompanied by threatening remarks, constitutes wilful misconduct: *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765. See also *Massano Unemployment Compensation Case,* 197 Pa. Superior Ct. 115, 177 A. 2d 9.

Decision affirmed.