393 A.2d 938

**COMMONWEALTH of Pennsylvania**

v.

**George W. BROWN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Oct. 27, 1978.

John R. Merrick, Public Defender, Kennett Square, for appellant.

James P. MacElree, II, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Defendant has appealed from convictions by the trial judge and sentencing for:

1. Assault and battery upon George Bitting, Third Count;
2. Assault and battery on Police Officer Adams, Second Count;
3. Obstructing an officer in the performance of his duties, Fifth Count.

After post-trial motions were dismissed, the Court imposed a sentence of imprisonment for not less than 11½ nor more than 23 months on the Third Count; suspended sentence on the Second Count provided the defendant pay restitution; and stated there was a "merger" of the Fifth Count and imposed no sentence as to that count.

The facts underlying the charges in this case are that defendant and a female companion were the recipients of insulting remarks from Bitting, to which defendant responded by hitting Bitting; and that a short time later, when police officer Adams attempted to detain defendant to identify him, defendant struck Adams two blows which knocked him to the ground.

Defendant claims that the evidence is insufficient to sustain convictions of assault and battery. There appear to be sufficient facts on the record to sustain the convictions of

assault and battery upon Bitting (Third Count) and upon Adams (Second Count), and the sentence imposed on the Third Count is within the statutory maximum of two years for misdemeanors of the second degree.[1]

Defendant's further complaint is twofold:

1. That there was not sufficient evidence to sustain a conviction for obstructing an officer (Count Five), because the attempted arrest of the defendant was unlawful; and

2. The convictions for assault and battery merge into obstructing an officer, which defendant says is the "greater offense," although it supports a maximum sentence of only one year.

Therefore, says defendant, the sentence imposed in excess of one year was beyond the maximum permissible.

The Commonwealth does not argue that Officer Adams was attempting to make a lawful arrest, but that defendant's assault upon the officer constituted the crime of obstructing an officer in the performance of his duties, since defendant's conduct obstructed the investigation of a crime. Whether or not there was sufficient evidence to prove the offense of obstructing an officer is immaterial for the reason that in these circumstances the obstructing charge merges into the charge of assault and battery. *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973). We therefore vacate the conviction of the offense of obstructing an officer in the performance of his duties as expressed in the Fifth Count; otherwise the decision of the court below is affirmed.

Reversed in part and affirmed in part.

JACOBS, President Judge, concurs in the result.

CERCONE, J., files a concurring and dissenting opinion.

1. Justification is not briefed; however, we have held that "Words, however gross and abusive, do not justify an assault and battery." *Thorne Unemployment Compensation Case*, 167 Pa.Super. 572, 76 A.2d 485, 487 (1950).

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

CERCONE, Judge, concurring and dissenting:

I concur with the majority in affirming the court below; however, I dissent to *vacating the conviction* on the Fifth Count (obstructing an officer in the performance of his duties). The trial court determined that appellant was guilty beyond a reasonable doubt of both assault and battery and obstructing an officer. However, the court below further ruled that these two offenses merged, *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973), and therefore no sentence was imposed on the obstructing charge. Although a defendant may be convicted under such circumstances of both offenses, he may only be sentenced on one. *Commonwealth v. Nelson*, supra, 452 Pa. at 278, 305 A.2d 369. See also *Commonwealth v. Simmons*, 233 Pa.Super. 547, 560, 336 A.2d 624 (1975); *Commonwealth v. Phillips*, 215 Pa.Super. 5, 257 A.2d 81 (1969). Since no sentence was imposed by the court below on the merged offense, the conviction should not be vacated.

I would therefore affirm the decision of the court below in its entirety.