[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiffs, a Connecticut corporation and its sole shareholder, bring this action against the defendant, a CT Page 2656 property-casualty insurer, claiming indemnification for a loss arising from vandalism and malicious mischief. The defendant seeks to strike counts one through four of the plaintiffs' complaint claiming that these counts fail to state a claim upon which relief may be granted. Count one alleges a breach of the insurance contract on behalf of the corporation; count two alleges a breach of the insurance policy on behalf of Genovese, the sole shareholder; count three alleges a breach of the covenant of good faith and fair dealing on behalf of both the corporation and Genovese; count four alleges a CUIPA claim. The plaintiff has also attached a copy of the insurance agreement to the complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15618 A.2d 25 (1992). "In ruling or a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
In the present case, the plaintiffs have attached a copy of the insurance agreement allegedly breached. Because this copy was attached to the complaint, the court may consider the agreement as part of the complaint for the purposes of this motion to strike. Practice Book § 141; Hossan v. Hudiakoff,178 Conn. 381, 382, 423 A.2d 108 (1979); Redmond v. Mathies,149 Conn. 423, 426, 180 A.2d 108 (1979); Utley v. Nolan, 134 Conn. 376,377, 58 A.2d 9 (1948).
The defendant argues that each of the four counts of the complaint should be stricken on the following grounds: counts one, two, three and four should be stricken because they were not brought within the contractual period of limitations prescribed by General Statutes §§ 38a-307 and 38-308; count two should be stricken because Genovese, the sole stockholder, has no standing to enforce the terms of the insurance policy; count three is legally insufficient because the implied covenant of good faith and fair dealing does not extend beyond the parties to an agreement; and count four should be stricken because a CUIPA violation for unfair claim settlement practices cannot be predicated upon insurer conduct in settling a single claim. An CT Page 2657 analysis of each of these alternative theories follows.
 A.
THE CONTRACTUAL PERIOD OF LIMITATION
The defendant first argues that each of the four counts are legally insufficient because they were not brought within the policy's contractual period of limitation. The plaintiffs counter that the policy language relied upon by the defendant is "illegible (and) in violation of Section 38a-297a of the general statutes in that it does not meet the minimum requirement of readability on the Flesch Reading Test and is in less than ten point type. Section 38a-299 requires that a policy such as this must meet these requirements in order to be valid."[1] The plaintiff further argues that the "defendant's claimed language constitutes an illegal `contract of adhesion'".
General Statutes §§ 38a-307 — 38a-308 require fire insurance policies written in Connecticut to contain a clause which requires that an action for the recovery of any claim be brought within twelve months of the date of the loss. Section38a-307 sets forth the standard form for fire insurance policies and provides in pertinent part:
 Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.
Likewise, section 38a-308 provides in relevant part that "[n]o policy or contract of fire insurance shall be made . . . on any property in this state . . . unless it conforms with the form of policy set forth in section 38a-307."
 "Since a provision in a fire insurance policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not operate as a statute of limitations. . . . CT Page 2658 This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts.
(Citations omitted; emphasis added.) Monteiro v. American HomesAssurance Co., 177 Conn. 281, 283, 416 A.2d 1189 (1979). "This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts." Id., citing Chichester v. New Hampshire Fire Ins. Co., 74 Conn. 510,513, 51 A. 545 (1902).
An examination of the policy, the complaint and the sheriff's return reveals the following facts. The policy clearly contains the one-year suit provision mandated by § 38a-308 and the sheriff's return indicates that this action commenced on August 10, 1995. According to the complaint, the loss occurred "on or about August 14, 1993." Therefore, based upon the contents of the plaintiffs' complaint, it is clear that this action was not commenced within twelve months of the loss. As such, the question then becomes whether a motion to strike is the proper vehicle to raise the plaintiffs' failure to comply with the one-year suit provision.
This contractual limitation is more properly pleaded as a special defense rather than raised by a motion to strike. Periods of limitation are grounded in contract and may serve as a defense to a suit on the policy. There is nothing in the defendant's motion to strike which challenges the legal sufficiency of the allegations of the plaintiffs' complaint. Instead, the defendants's sole claim is that this action was not brought within twelve months of the date of loss. This contractual limitation should be pleaded as a special defense rather than addressed by a motion to strike. Therefore, the motion to strike count one of the complaint is denied and insofar as this claim, namely a failure to comply with a period of limitation, relates to the other counts of the complaint, it is denied as well.
 B.
COUNT TWO — GENOVESE, INDIVIDUALLY AGAINST CARRIER
Count two alleges that Genovese, individually, has a cause CT Page 2659 of action against the defendant carrier for breach of contract arising from the contract of insurance between the plaintiff-corporation and the defendant. The defendant argues that Genovese has no standing to enforce this policy. The following principles guide this court's determination
"A corporation is a distinct legal entity." Saphir v.Neustadt, 177 Conn. 191, 209, 413 A.2d 843 (1979). Likewise, "a corporation is indisputably a legal entity separate and distinct from its shareholders, even its majority shareholders." (Emphasis added.) Starr v. Comm. Dept. Envtl. Protect., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket no. 535053 (January 18, 1995, Hodgson, J.,13 Conn. L. Rptr. 222). At the same time, "[u]nder our law, the terms of an insurance policy are to be construed according to the general rules of contract construction." Heyman AssociatesNo. 1 v. Insurance Co. of Penn., 231 Conn. 756, 769,653 A.2d 122 (1995). It is also well settled that "one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." (Internal quotation marks omitted.) Tomlinson v. Board ofEducation, 226 Conn. 704, 718, 629 A.2d 333 (1993).
Count two alleges that the contract of insurance was between the plaintiff-corporation and the defendant. There is no allegation that Genovese, in his individual capacity, was either a party to or an intended beneficiary of this policy. Genovese, in his individual capacity, seeks to enforce a contract to which he is not a party. Construing the allegations contained in the second count of the complaint in the light most favorable to the plaintiff, Genovese, as the court must do, it is clear that he has no standing to maintain a claim on his own behalf against the carrier as he attempts in the second count. Accordingly, the defendant's motion to strike the second count is granted.
 C.
COUNT THREE — COVENANT OF GOOD FAITH AND DEALING
Both Genovese and the corporation allege in count three that the defendant has breached the implied covenant of good faith and fair dealing. The defendant contends that the entire count is legally insufficient because the covenant does not extend beyond the parties to the agreement. CT Page 2660
"[T]he implied covenant of good faith and fair dealing has been applied in a variety of contractual relationships, including . . . insurance contracts." (Internal quotation marks omitted.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190,540 A.2d 693 (1988). This principle is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Emphasis added.) Magnan v. Anaconda IndustriesInc., 193 Conn. 558, 567, 479 A.2d 781 (1984).
The defendant's argument ignores the fact that both the plaintiff corporation and Genovese are named plaintiffs in count three. Count two in effect alleges two causes of action, one on behalf of the corporation and another on behalf of the individual. "If a count of a complaint purports to set out more than one cause of action, a motion to strike addressed to the entire count fails if it does not reach all of the causes of action pleaded". Economic Development v. Cititrust, Superior Court, judicial district of Litchfield, Docket No. 52665 (March 27, 1991, Dranginis, J., 6 CSCR 400). Therefore, count three is legally sufficient as to the plaintiff corporation, whether or not Genovese may maintain such an action in his own right. Therefore, the motion to strike count three is denied.
 D.
COUNT FOUR — CUIPA VIOLATION
Count four alleges a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-815 et. seq., arising from the defendant's conduct in settling the corporation's insurance claim. A claim under CUIPA which is predicated upon unfair claim settlement practices requires proof that such practices were committed or performed with such frequency as to indicate a general business practice. Mead v.Burns, 199 Conn. 651, 662, 509 A.2d 11 (1986). In addressing what constitutes a "general business practice", the Connecticut Supreme Court has held that "the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by 38a-816(6)." Lees v. Middlesex Ins.Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994). CT Page 2661
In the present case, the plaintiff has not plead any facts which would support a finding that the defendant has engaged in an unfair business practice. The plaintiff alleges that the defendant engaged in improper conduct in the handling of this particular claim. This count is legally insufficient since it fails to allege any facts which would establish an unfair business practice other than the unfair practices involving this claim. The defendant's motion to strike count four is granted.
In summary, the motion to strike counts one and three is denied, and the motion to strike counts two and four is granted.
/s/ Pellegrino, J. PELLEGRINO