## Salvitti Unemployment Compensation Case.

Argued December 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Maurice J. Friedman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., March 18, 1959:

Claimant had been in the employ of Horn and Hardart Baking Company for 16 years; she last worked in her employer's store at 1321 Market Street in Philadelphia. She was suspended by the store manager on May 2, 1958 for violation of a rule of the company and was finally discharged for the same reason three weeks later. These facts are reflected in the findings of the board: It is an enforced rule of the company, notice of which had been posted prominently throughout the store, to the effect that all packages taken out by employes must be checked by the manager before leaving the store; the package must be taken to the manager for checking by the employe herself, and her obligation in that respect cannot be delegated to another. Claimant admittedly was well aware of that long-standing rule of the company. On claimant's last night of work as she was leaving the store with another employe they were stopped by a house detective who found that each had a package of food products which had not been checked by the store manager. Claimant's companion had been under suspicion but claimant's conduct had never before been questioned. The findings of the board, supported as they are by sufficient competent evidence, must be regarded as conclusive in our disposition of this appeal, under the Unemployment Compensation Law as last amended by the Act of September 29, 1951, P. L. 1580, §18, 43 PS §830. *Antinopoulas Unempl. Comp. Case,* 185 Pa. Superior Ct. 76, 137 A. 2d 921. Upon findings reflecting the above facts the

board affirmed the referee in denying benefits, under §402(e) of the Act, 43 PS §802(e).

A single act of an employe may constitute willful misconduct within the meaning of §402(e) despite a prior good record of the employe. *Dati Unempl. Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765. The seriousness of the violation of the company rule in this case, in its overall effect, was for the employer to determine and the employer was not bound to overlook the infraction of the rule by the claimant employe merely because it was her first offense. Moreover the money value of the property taken is immaterial. Claimant's misconduct was an act of "willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his employee* . . ." within the holding of *Detterer Unemp. Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886, which we have consistently followed and applied. Cf. *Weimer Unempl. Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607.

Under the findings, supported as they are by the evidence, we are without authority to interfere with the order in this case.

Order affirmed.