## Drummond Unemployment Compensation Case.

116

Argued June 17, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Samuel Dashiell,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., September 16, 1960:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review finding him ineligible for compensation under section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e), because of his failure to inform his employer of the reasons for his absence from August 31, 1959, to September 7, 1959.

Claimant was last employed by William McClain, Inc., of Philadelphia, Pennsylvania, as a truck driver, for a period of about eight years. His last day of work was Friday, August 28, 1959. He was scheduled to report again for work on Monday, August 31, 1959, but he failed to do so and remained away without authorization until September 7, 1959. He contended at the hearing that while visiting relatives in New York over the week end of August 29 and 30 he became so ill with bursitis in his left arm that it was impossible for him to notify his employer personally. He stated further that he did ask his sister-in-law to call the employer on September 1 to inform it of the reason for his absence and that his sister-in-law reported that she had made such a call. However, the employer has no record of receiving such a call and, having not heard from the claimant, discharged him on Monday, September 7, for absenteeism without proper notification. Claimant on other occasions had been warned for his failure to notify his employer in regard to his unauthorized absences.

The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board of Review. This Court can only study the testimony in the light most favorable to the party for whom the Board has decided, giving that party the benefit of every inference that logically and reasonably can be drawn from it. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271; *Stillman Unemployment Compensation Case*, 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Willful misconduct as used in section 402(e) of the Act does not necessarily require actual intent to wrong the employer. If there is a conscious indifference to the perpetration of a wrong, or a reckless disregard of the employe's duty to his employer, he can be dis-

charged for willful misconduct and will be denied compensation. *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889.

Absences tend to disrupt the discipline and order of any enterprise, and excessive absenteeism without notice and authorization has consistently been ruled by this Court to constitute willful misconduct. *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753; *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896. In this case claimant's absence was unauthorized; and the record is devoid of any evidence of notice of the reason therefor. To say that someone was told to notify the employer and that that person in turn said that he had notified the employer falls far short of the standard of proof required in such cases. Further, it appears unreasonable to conclude that a person afflicted with bursitis in one arm would be so disabled that he could not personally notify his employer of the cause of his absence.

We are of the opinion that the record fully supports the findings of fact made by the Board, that claimant gave no notice of the reason for his unauthorized absence, and, its conclusion that such failure to give notice constituted such willful misconduct as to justify his discharge, rendering him ineligible to receive compensation under section 402(e) aforesaid.

Decision affirmed.