## McCullough Unemployment Compensation Case.

Argued March 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Horace J. Culbertson,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, for Unemployment Compensation Board of Review, appellee.

*Stanley H. Siegel,* with him *Siegel and Siegel,* for employer, intervening appellee.

OPINION BY WATKINS, J., March 21, 1962:

The claimant, Ralph D. McCullough, in this unemployment compensation appeal, was last employed by the American Viscose Corporation, Lewistown, Pennsylvania, on July 30, 1960. He was suspended on that date because, while in the recreation room on a lunch break, he lighted and threw a firecracker in the direction of a fellow employe who was seriously injured as

a result of the detonation of the firecracker. After a full investigation, the company discharged the claimant on August 17, 1960. The Board of Employment Security denied benefits on the ground that he had been discharged for willful misconduct in accordance with the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e). The Referee reversed the Bureau and allowed benefits. The Unemployment Compensation Board of Review reversed the Referee and denied benefits for the same reason as the Bureau. This appeal followed.

The record shows, and the Board found, that the claimant admitted lighting and throwing the firecracker in the direction of the injured employe; that he did not have a permit to explode firecrackers as is required by the Act of May 15, 1939, P. L. 134, as amended, 35 PS §1271 et seq.; and that he had knowledge that firecrackers were prohibited by the company from being on the company premises.

Most certainly the claimant was guilty of "a disregard of standards of behavior which the employer has the right to expect from his employee" by his violation of a prohibition of the company regarding firecrackers and where this violation resulted in the serious injury of a fellow employe. His action, therefore, was a deliberate violation of the company's prohibition, and "Willful misconduct" comprehends a deliberate violation of the employer's rules. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958). See also: *Heib Unemployment Compensation Case,* 197 Pa. Superior Ct. 387, 178 A. 2d 812 (1962). Even without any rule of the company about firecrackers or a prohibition of the use of firecrackers, the use of such a known dangerous instrumentality resulting in the injury of a fellow employe comes within the judicial definition laid down by this Court.

The fact that this claimant had no intention to harm his employer or his fellow employe has no significance. " 'Willful misconduct' does not necessarily require actual intent to wrong the employer. If an employe shows a conscious indifference to the duty owed his employer, he may be discharged for 'willful misconduct' and will be denied compensation." *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 330, 144 A. 2d 606 (1958). See also: *Drummond Unemployment Compensation Case,* 193 Pa. Superior Ct. 115, 164 A. 2d 111 (1960).

We have also held that even if his prior record was good, a single act of an employe has been held to constitute willful misconduct. *Salvitti Unemployment Compensation Case,* 189 Pa. Superior Ct. 102, 149 A. 2d 586 (1959). It is also true that the incident occurred in a recreation room provided by the employer, on his premises, during a lunch break. The lunch break was during the work day of the claimant in the company of his fellow employes and as a result of the conduct of the claimant a fellow employe was injured. The conduct was clearly connected with the claimant's work and does not fall within those situations occurring outside of the worker's hours and off the employer's premises and not connected with his work.

This claimant in addition to disregarding the standards of behavior which the employer has the right to expect from his employe, and his violation of a specific prohibition of the company regarding firecrackers, was in violation of the Act of May 15, 1939, P. L. 134, as amended, supra, which made it unlawful for any person to use and explode any fireworks unless a permit was first obtained from the municipality within which the fireworks are used or exploded. Fireworks are defined in Section 1 of the Act, as amended by the Act of June 24, 1959, P. L. 486, 35 PS §1271, as follows: ". . . any combustible or explosive composition or any

substance or combination of substances, or, except as hereinafter provided (exceptions not relevant), any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges and toy cannons in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, Daygo bombs, sparklers or other fireworks of like construction, and any fireworks containing any explosive or flammable compound or any tablets or other device containing any explosive substance." This definition includes the firecracker used in this case.

The violation caused one of the specific types of injury which the statute was designed to prevent. We have held that the violation of a statute constitutes willful misconduct. "It was not necessary to have an employer's rule where the act itself is contrary to the motor vehicle laws of the Commonwealth." *Cadden Unemployment Compensation Case,* 195 Pa. Superior Ct. 159, 161, 169 A. 2d 334 (1961).

Here, the incident was of such a serious nature as to constitute willful misconduct under the judicial definition set forth by this Court. It was willful misconduct on the part of the employe in violating a known prohibition by the company. It was willful misconduct in the violation of the statute that made the use of the firecracker unlawful.

Decision affirmed.