## Love Unemployment Compensation Case.

Argued March 20, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Thomas Waltz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and

*David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., April 12, 1962:

Robert A. Love was last employed as a mechanical draftsman by Combination Pump Valve Company, Philadelphia, Pennsylvania. His final day of work was March 14, 1961. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

The record discloses that claimant was in a lay-off status and receiving unemployment compensation when he was referred to the job with Combination Pump Valve Company. He apparently considered the employment as temporary in nature, and was not greatly concerned about reporting for work. The following findings of the Board of Review are fully supported by the evidence: "2. In the seven weeks of claimant's employment he was absent one to three days a week, which he attributed to his personal illness. A majority of the absences were unreported. 3. Claimant's absences interfered with the efficient operation of the employer's business and about two weeks prior to separation claimant was told that the employer needed a 'steady' worker and could not condone his poor attendance. 4. After a two days absence on March 15 and 16, 1961, claimant was discharged. 5. The claimant was not under the care of a physician during this period and submitted no medical testimony or certification to his employer to substantiate his contention that his absence was due to illness".

Absence of an employe from work on numerous occasions without good cause and without notification to the employer evidences a deliberate disregard of the standards of behavior which the employer may rightfully expect, and constitutes wilful misconduct: *Sauer Unemployment Compensation Case,* 172 Pa. Superior Ct. 202, 92 A. 2d 896. Advance warning concerning the consequences of continued absences is not necessary: *Hohnstock Unemployment Compensation Case,* 196 Pa. Superior Ct. 500, 175 A. 2d 167. Claimant testified that he was taking gelusil tablets because "It's sort of an ulcer condition. It happens when I get nervous". However, the report of Dr. R. C. Good, who examined claimant on August 1, 1961, at the request of his attorney, merely indicates "high normal gastric acidity", and concludes as follows: "It is difficult . . . to verify the history of ulcer disease or state that this was the cause of his absence from work".

It is also contended by claimant's counsel that the reason for the discharge is unimportant, and that claimant should not "be denied benefits, retroactively, when he was previously entitled thereto and only relinquished them temporarily". There is no merit whatever in this contention, and we mention it only to indicate that it has been advanced and rejected.

Decision affirmed.