Mattingly Unemployment Compensation Case.

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Hendricks Mattingly*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

Hendricks Mattingly was last employed as a porter by the G. C. Murphy Company in McKeesport, Pennsylvania. His final day of work was April 28, 1961. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402 (e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P. S. 802 (e). This appeal followed.

The record discloses that, under company policy, damaged merchandise was not to be removed from the store premises without proper authorization. Claimant was fully aware of this policy. On April 28, 1961, he was discharged for taking a damaged purse. "I for-

got to mention that I was taking it home". Claimant had been warned on a prior occasion, March 23, 1961, on which date he had removed a damaged chair.

The essential element of wilful misconduct is breach of duty to the employer: *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. We are all of the opinion that this essential element is manifest in the instant case. The factual situation is similar to that in *Salvitti Unemployment Compensation Case,* 189 Pa. Superior Ct. 102, 149 A. 2d 586, wherein the claimant was discharged for violating a company rule that packages taken out by employes must be checked by the manager. The following statement from our opinion in the *Salvitti* case is here controlling: "The seriousness of the violation of the company rule in this case, in its overall effect, was for the employer to determine . . . Moreover, the money value of the property taken is immaterial. Claimant's misconduct was an act of 'wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employe' within the holding . . . which we have consistently followed and applied".

Decision affirmed.