## McCone Unemployment Compensation Case.

Argued June 12, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Herbert Yaskin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., September 13, 1962:

Charles McCone was last employed as a paint sprayer by the Ludwig Honold Manufacturing Company, Folcroft, Pennsylvania. His final day of work was April 21, 1961. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.

The record discloses that one of the employer's rules was as follows: "Failure for three consecutive days to report absence will result in termination of employment". Claimant was absent on numerous occasions without giving notice to the employer. He had been warned on at least two of those occasions, and was fully aware of the Company rule. His employment was terminated following his absence without notice for three consecutive days, namely, April 24, 25, and 26, 1961. Absence of an employe from work without notice in violation of a company rule evidences a deliberate disregard of the standards of behavior which the employer may rightfully expect, and constitutes wilful misconduct. Cf. *Love Unemployment Compensation Case*, 197 Pa. Superior Ct. 634, 180 A. 2d 431.

Counsel for claimant contends that the factual findings by the Board are not supported by the evidence. His argument is based upon a purported inconsistency relating to the date of April 21, 1961, which is not material to the result. He also argues that the Board failed to determine the reasons for claimant's absence. Such a determination was unnecessary in view of claimant's admitted violation of the Company rule. The fact that he allegedly had chronic bronchitis was not justification for his failure to give notice.

Decision affirmed.