## Scott Unemployment Compensation Case.

Argued March 21, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Eugene John Lewis,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*Jacob Kalish,* with him *Aaron M. Fine,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for employer-intervenor, appellee.

OPINION BY WATKINS, J., April 18, 1963:

In this unemployment compensation case the unemployment compensation authorities disqualified the claimant for willful misconduct within the meaning of §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, Ernest Scott, was last employed by the Sley System Garages, Philadelphia, Pennsylvania,

as an attendant, on May 27, 1961. On that date he received two weeks vacation pay and was to return to work on June 12, 1961. He failed to report on that day. On June 13, the employer received a message that the claimant would not be in because of illness and had been advised by his doctor to remain at home. Company representatives visited his home on June 14 and June 16 and found no one at home. When he failed to appear for work for a period of one week, he was removed from the payroll. The claimant did not contact his employer after June 13, 1961 nor inform him when he would return to work. These findings are supported by competent evidence and are binding on this Court. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

The question is whether these findings constitute willful misconduct connected with his work. In *McCone Unemployment Compensation Case*, 199 Pa. Superior Ct. 6, 184 A. 2d 275 (1962), one of the employer's rules read as follows: "Failure for three consecutive days to report absence will result in termination of employment", and we held, at page 8, that "Absence of an employe from work without notice in violation of a company rule evidences a deliberate disregard of the standards of behavior which the employer may rightfully expect, and constitutes wilful misconduct."

In this case absenteeism was covered in the collective bargaining agreement between the union and the employer, which agreement is a part of this record and reads as follows: "ARTICLE VIII. Absenteeism Section 20. Any employee who fails to report for work for two (2) working assignments without notifying his supervisor (1) the reason for his absence, and (2) the probable length of his absence, shall be subject to immediate dismissal unless excused by his supervisor. Any employee who fails to report for work for two (2) working assignments (after having advised his immedi-

ate supervisor and been excused by him) must, if he remains absent, notify the Company in writing, by registered mail, within five (5) days, counting the first day of absence, stating (1) the cause of his absence and (2) the probable length of his absence. If absence is due to illness, the Company supervisor has the right to verify the reason for such absence. If the employee is not at home when the supervisor calls at his home, the employee will be dismissed from his job unless he can show that he was away from home in order to receive medical attention."

This agreement, therefore, set up the rules of conduct so far as absenteeism is concerned between this claimant and this employer. It may be argued that company rules, as drawn by the employer may be arbitrary, but here he violated the terms of a collective bargaining agreement, which, through his representatives he, as an employee, had a part in formulating. We have held that violation of company rules is willful misconduct. *McCullough Unemployment Compensation Case,* 197 Pa. Superior Ct. 389, 178 A. 2d 813 (1962); *Heib Unemployment Compensation Case,* 197 Pa. Superior Ct. 387, 178 A. 2d 812 (1962).

Decision affirmed.