Opinion by
 

 Wright, J.,
 

 Anna Raisldn was last employed as a bookkeeper by the Home Builders Association, Philadelphia, Pennsylvania. Her final day of work was August 10, 1962. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee and the Board of Review on the ground that her unemployment was due to her discharge for wilful misconduct connected with her work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.
 

 The Board of Review made, inter alia, the following findings of fact:
 
 “2.
 
 Claimant failed to abide .by the employer’s rules and regulations by refusing to help with the mail on Fridays and also by leaving work early and taking time off without permission.
 
 *62
 
 3. The employer discussed this infraction with the claimant, however, she refused to accept his terms and was consequently discharged”. Our examination of this record discloses that these findings are fully supported hy the evidence. They are therefore binding on appeal:
 
 Burke Unemployment Compensation Case,
 
 199 Pa. Superior Ct. 565, 186 A. 2d 425.
 

 It is claimant’s contention in her brief that the statements she made at the hearing “are the truth”, and that the employer’s statements “are entirely false”. The credibility of witnesses and the weight of the testimony are for the unemployment compensation authorities:
 
 Davis Unemployment Compensation Case,
 
 187 Pa. Superior Ct. 116, 144 A. 2d 452. We must view the evidence in the light most advantageous to the party in whose favor the compensation authorities have found the facts:
 
 Massano Unemployment Compensation Case,
 
 197 Pa. Superior Ct. 115, 177 A. 2d 9. The instant record supports the Board’s conclusion that claimant failed to comply with her employer’s office procedures and work hours, and that she refused to correct her infractions although given an opportunity to do so. The essential element of wilful misconduct, breach of duty to the employer, is therefore manifest. See
 
 Mattingly Unemployment Compensation Case,
 
 198 Pa. Superior Ct. 225, 181 A. 2d 849.
 

 Decision affirmed.