Opinion by
Wright, J.,
Paul Cavaliere was last employed as a barber by Al’s Barber Shop, Philadelphia, Pennsylvania. His final day of work was June 9, 1962. His application for benefits was disallowed by the Bureau of Employment Security, the Referee and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.
*64 The Board of Review made, inter alia, the following findings of fact: “2. Claimant was absent on many occasions without notice to the employer. A number of his absences were for personal reasons. 3. Claimant was warned verbally several times by the employer about his unreported absences. 4. Claimant did not report for work after June 9, 1962 and the employer was not notified of the reason for his absence. 5. When claimant reported to the employer approximately two weeks after his last day of work, he was informed that he had been replaced”. Our examination of this record discloses that these findings are fully supported by the evidence.
It is contended on this appeal that claimant’s absences did not constitute misconduct because “a mutual understanding existed in the employment contract which was implied from a course of conduct surrounding the employment shop”. The difficulty with this contention is that it is not supported by the record. The unemployment compensation authorities were confronted with a simple conflict in testimony, as is apparent from the following assertion in claimant’s petition for appeal: “I do not agree with my employer’s statements”. We are bound by the Board’s resolution of this conflict in favor of the employer. Cf. Raiskin Unemployment Compensation Case, 202 Pa. Superior Ct. 60, 195 A. 2d 147. “Absence of an employe from work on numerous occasions without good cause and without notification to the employer evidences a deliberate disregard of the standards of behavior which the employer may rightfully expect, and constitutes wilful misconduct”: Love Unemployment Compensation Case, 197 Pa. Superior Ct. 634, 180 A. 2d 431.
Decision affirmed.