Opinion by
Wright, J.,
William R. Galbraith was last employed as a ride operator by the Kennywood Park Corporation, Duquesne, Pennsylvania. His final day of work was August 23, 1961. His application for benefits was disallowed by the Bureau of Employment Security, the Referee and the Board of Review on the ground that his unemployment was due to his discharge for wilful misconduct connected with his work under Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(e). This appeal followed.
*201 Claimant is a young man, twenty years of age at the time of hearing before the Beferee, who was employed at Kennywood Park during the summer months. On August 22, 1961, claimant’s twelve-year old sister was found in the park with a large quantity of stolen tickets in her possession. Claimant admitted that he had brought these tickets from the park to his home where his sister obtained them. His first explanation was that he had purchased the tickets at a reduced price from some person whose identity he refused to disclose. The next day claimant was convicted before a magistrate on a charge of violating a borough ordinance,[1] paid a fine, and was discharged from his employment.
Claimant later took the position, persisted in at oral argument, that his story about purchasing the tickets was a falsehood, and that he had found the tickets in the men’s room at the park but inadvertently failed to turn them over to his employer. The Board’s findings of fact were in accordance with claimant’s original story. While these findings are supported by the evidence and are therefore conclusive on appeal, Raiskin Unemployment Compensation Case, 202 Pa. Superior Ct. 60, 195 A. 2d 147, it is evident that, whichever explanation is accepted, claimant breached his duty to the employer and was properly discharged for wilful misconduct. See Mattingly Unemployment Compensation Case, 198 Pa. Superior Ct. 225, 181 A. 2d 849.
Decision affirmed.

 “That covers practically anything. It covers disorderly conduct, stealing, or anything else in that borough”.