## Morris Unemployment Compensation Case.

Argued March 2, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Thomas P. Kennedy,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 19, 1964:

In this unemployment compensation case the Bureau and the Referee refused benefits on the ground that the claimant was a voluntary quit under the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1); the Unemployment Compensation Board of Review affirmed the denial of benefits but on the ground that the claimant violated a company rule and so was guilty of willful misconduct under provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, Richard J. Morris, was last employed on December 6, 1962 by General Motors Corpo-

ration, Van Nuys, California, for a period of two and one-half weeks as a stock clerk, at the rate of $2.62 an hour. Immediately prior to this employment the claimant was in the United States army; was honorably discharged and so qualified for benefits.

He was on the night shift and his last work was on the night of Thursday, December 6, 1962. He took ill and did not return to work on the night of Friday, December 7, 1962. He did not notify the company of his illness. There was no work on Saturday or Sunday. He did not work on the night of Monday, December 10, 1962 and again did not notify the company of his illness. He received a telegram during the day of Tuesday, December 11, in which he was notified that he had been removed from the payroll because of his violation of a company rule, in that he absented himself from work for three working days without notifying the company.

The company rule provided that violations of certain regulations would be sufficient ground for disciplinary action, varying from reprimand to immediate discharge, depending upon the seriousness of the offense in the judgment of management. One of these regulations was that, "Absence of three working days without properly notifying management (voluntary quit)."

The findings of fact disclose that he missed two working days and the telegram dismissing him came before he reported for work on December 11. He was not in violation of the company regulation and so was not guilty of willful misconduct for violation of the rule.

If there had been no shop rule promulgated concerning absences without notice up to three working days we would be in agreement with the Board that the claimant was guilty of willful misconduct. *Drummond Unemployment Compensation Case,* 193 Pa. Su-

perior Ct. 115, 164 A. 2d 111 (1960). Management here advised employees that notice of absences was not a violation unless continued in for three working days. The burden of keeping the employment relationship alive is certainly a duty of the employee and absenteeism ordinarily is an intentional disregard of the employer's interest and amounts to willful misconduct. In this case, however, the promulgation of the rule was notice to the employee that the employer would not consider absenteeism inimicable to his interest unless continued in for a period of three working days. Under such circumstances this claimant was not a voluntary quit and could not be adjudged guilty of a reckless disregard of his duty to his employer.

Decision reversed.

DISSENTING OPINION BY WRIGHT, J.:

The Board did not base its decision on the ground that claimant violated the Company rule. Claimant was disqualified by the Board for wilful misconduct, not as a voluntary quit. The record clearly supports the Board's conclusion that claimant disregarded his employer's interests and did not take reasonable steps to maintain the employer-employe relationship. In fact, he admitted at the remand hearing that he had no intention of returning to his employment, and this intention was formed prior to receipt of the employer's telegram. I would affirm the Board's decision.

President Judge RHODES and Judge WOODSIDE join in this dissenting opinion.