## Horan *v.* Unemployment Compensation Board of Review.

Argued January 9, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David C. Harrison,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 2, 1973:

This appeal concerns the rights of a discharged federal employe to unemployment compensation under the Pennsylvania Unemployment Compensation Law.[1] Eulalia E. Horan (claimant) had been employed by the United States Postal Department as a postal clerk at the Philadelphia Post Office. After being discharged on February 5, 1971, she made application for unemployment compensation which was denied her by the Bureau of Employment Security, the Referee, and the Board of Review (Board).

The Referee reasoned that the claimant was discharged for failure to comply with the regulations of the postal authorities. Also, the Referee found, based on the findings of the federal employing agency, as a finding of fact, that claimant failed to take, on several occasions, a scheduled scheme test and had a record of excessive absences without leave and after reprimands concerning her failure to report for work.

Under these findings, the Board concluded that claimant's refusal to take the scheme test and her absenteeism constituted willful misconduct justifying a denial of benefits under Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

In *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606 (1958), it was held that the Pennsylvania Unemployment Compensation authorities have a duty to accept as final and conclusive the findings of the federal employing agency

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, as amended, 43 P.S. §§751 et seq.

with respect to the reasons for termination of the claimant's federal service. But whether, under the facts certified to the Compensation authorities, the claimant is entitled to compensation is a matter which must be determined under Pennsylvania law. The Board is required to determine whether the reasons for termination of the claimant's federal service establish willful misconduct in connection with her work.

It appears from the record before us that, in order to be retained as a postal clerk, one so employed is required to exhibit proficiency in sorting and classification of mail. The test, known as a scheme examination, is administered by an examiner who observes the postal clerk performing a routine similar to the actual work. The claimant's work required a certain manual dexterity involving hand, arm and shoulder movement. A further measure of proficiency was the time in which the sorting of a certain number of letters could be accomplished. The claimant was a substitute distribution clerk for the first twenty months of her employment and was not required to take the scheme test until she became a career employe on November 29, 1969. The first scheme examination was scheduled for the claimant on January 21, 1970 and thereafter on April 22, 1970, July 1, 1970, July 31, 1970 and September 10, 1970. The testimony reveals that claimant failed to pass the first examination on January 21, 1970, and failed to report for subsequent examinations. Claimant's explanation for failing to report involves illness and medical problems.

The claimant had a record of absenteeism which caused the Post Office Department to take action against her under their rules of operation. These personnel actions included a warning letter dated December 15, 1969; a letter charging absences without leave dated May 22, 1970; a letter of reprimand dated July 20, 1970; and a letter dated September 21, 1970,

detailing all matters theretofore covered. The last mentioned letter advised the appellant that she was subject to removal from employment. Final action in this regard was taken on February 5, 1971, when she was removed from the Post Office Department rolls.

Absence of an employe from work, without notification, in violation of the employer's rules, evidences a deliberate disregard of the standards of behavior which the employer may rightfully expect and constitutes willful misconduct. *McCone Unemployment Compensation Case,* 199 Pa. Superior Ct. 6, 184 A. 2d 275 (1962).

If an employe shows a conscious indifference to the duty owed the employer, he may be discharged for "willful misconduct" and will be denied compensation. *Dati Unemployment Compensation Case,* 184 Pa. Superior Ct. 292, 132 A. 2d 765 (1957). Here the Board properly concluded that the claimant was guilty of "willful misconduct" and therefore not entitled to compensation.

Order affirmed.