Virginia A. Ferko, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 7, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three,

*Lawrence Sager,* with him *Sager & Sager Associates,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 28, 1973:

Virginia A. Ferko (appellant), last employed by the West Company, of Phoenixville, Pennsylvania, was discharged for failure to obtain a required medical leave of absence following an extended period of absenteeism. On the basis that such failure constituted willful misconduct connected with her work, appellant was thereafter denied unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e). This is an appeal from the determination and order of the Unemployment Compensation Board of Review (Board) affirming the decisions of the Bureau of Employment Security and the Board's referee denying compensation.

Section 510 of the Unemployment Compensation Law, 43 P.S. §830, sets forth our scope of review in appeals of this nature and provides, in pertinent part:

"In any appeal to the [Commonwealth] Court the findings of the board or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law . . . ." In other words, where there is sufficient evidence in the record to substantiate factual findings of the Board or its referee, such findings are binding upon this Court. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972). However, we must still determine the correctness of the Board's legal conclusions and final adjudication based on those facts.

After careful review of the record, we conclude that the factual determinations of the referee, adopted by the Board, are supported by substantial evidence. Such findings of fact are as follows:

"1. The claimant was last employed by the West Company in Phoenixville, Pa., on March 25th, 1971, when she worked for eight hours. She had been employed as an electric press operator at $3.54 per hour and her employment had extended from 1964.

"2. The claimant had reported her absence subsequent to March 25th, 1971 and produced medical evidence to the effect that her illness would require a medical leave of absence.

"3. The claimant had been on a medical leave of absence from December 21st, 1970 to January 7th, 1971, because of an acute respiratory infection. Her next medical leave began on January 7th, 1971 due to a whiplash and expired on January 21st, 1971. Following this the claimant was on a medical leave from February 3rd through March 18th, 1971 for an ear infection.

"4. The claimant did not report for work after March 25th, 1971.

"5. On April 26th, the claimant was notified that since her last medical leave of absence had expired on March 19th, 1971, it would be essential that she submit additional medical evidence to support her continued absence from the job. Such request for the additional evidence was in accordance with the union-employer contract.

"6. The claimant, however, failed to provide such evidence and as a result of such failure, she was notified on May 4th, 1971 that she had been terminated by the employer.

"7. The claimant was a member of the United Rubbers' [sic] Workers Union, and she filed a grievance with the Union for reinstatement in her job. However, following a hearing, the termination was upheld by the Union."

Section 402 of the Unemployment Compensation Law, 43 P.S. §802, provides, *inter alia*:

"An employe shall be ineligible for compensation for any week—

". . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

While our Legislature did not define "willful misconduct," the following definition from 48 Am. Jur., *Social Security, Unemployment Insurance, Etc.*, §38 (1943), and quoted in *Harmer v. Unemployment Compensation Board of Review*, 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965), has received the imprimatur of this Court: "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the

employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his employee*, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." (Emphasis added.)

The case law has firmly established that absence from work without notification to the employer, in violation of the employer's rules as to reporting such absenteeism, evidences a deliberate disregard of the standards of behavior an employer has the right to expect of his employees. *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 300 A. 2d 308 (1973); *Loder v. Unemployment Compensation Board of Review, supra; Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972); *McCone Unemployment Compensation Case*, 199 Pa. Superior Ct. 6, 184 A. 2d 275 (1962).

In her appeal, the appellant makes two arguments. She contends, first, that no adequate warning of termination was given and, second, that daily telephonic reports of illness to the employer subsequent to March 25 were sufficient notice to preclude findings of willful misconduct. Both contentions are totally without merit.

The findings of fact show clearly that the employer allowed one full week after mailing the warning letter of April 26 before sending notice of termination. The referee correctly reasoned that appellant had been given ample time to comply, especially in light of the fact that on three prior occasions during the same year she had secured medical leave of absence, evidencing her awareness of the necessity and procedure for obtaining valid leave when ill.

Furthermore, as to appellant's second contention, the factual determinations point out that the employer *required* a medical leave of absence to justify periods of continued absence. Repeated calls reporting off due to illness are not sufficient to meet the legitimate demand of the employer that medical leave, based on a physician's excuse, be obtained.

In the instant appeal, appellant's conduct falls squarely within the rule, defined in *Horan v. Unemployment Compensation Board of Review, supra,* as to improperly reported absences from work. Her unmitigated inaction constituted deliberate disregard of proper standards of behavior her employer had the right to expect of her, and she is guilty of willful misconduct under the definition set forth above.

Where an employment is terminated for willful misconduct, Section 402(e) of the Unemployment Compensation Act, 43 P.S. §802(e), specifically denies benefits.

Order of the Unemployment Compensation Board of Review is hereby affirmed.