John J. Adler, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee, and The Bell Telephone Company of Pennsylvania, Intervening Appellee.

Argued February 6, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John J. Adler,* appellant, for himself.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, for appellee.

*Bless J. Stritar,* for intervening appellee.

OPINION BY JUDGE ROGERS, February 28, 1975:

John J. Adler, an unemployment compensation claimant, has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying benefits. The referee and the Board concluded that the claimant's employment with The Bell Telephone Company of Pennsylvania was terminated by reason of his wilful misconduct on the job.

The claimant's duties with the personnel department of the Telephone Company consisted of receiving telephone messages from employees reporting illnesses and inability to work and recording the messages on cards and other filing material. He commenced work on June 4, 1973. In August 1973, the claimant was called to a conference with his supervisors at which he was informed that his performance needed improvement. He was told that he was arrogant on the telephone and that he made too many mistakes in recording messages. His superiors asked him to improve and offered their assistance. The claimant's work remained unsatisfactory.

On October 2, 1973, another conference was conducted. On this occasion the claimant asserted that he didn't like his work, that he thought he was doing a satisfactory job, that he would not make an effort to improve his work, and that he did not want to be transferred to other work for the company, such as telephone operator, telephone installer, or other clerical work not requiring the use of the telephone. The claimant's supervisors postponed action so that the claimant might think it over. On the following day the claimant reported that he had no change of feeling toward his employment. His supervisor then suggested a period of probation during which the claimant might try to do better in his present position. The claimant said he didn't want to be on probation and invited the supervisor to fire him. He told his supervisor that if he did come in during the suggested probation period he would "just come in, do what he had to do and leave." Later that day the claimant simply refused to make a telephone call at the direction of the supervisor.

In addition to the foregoing, the claimant had a history of tardiness in reporting to work in the morning.

The claimant testified at the hearing that he did his work to the best of his ability.

The employer's evidence, which the referee and the Board believed, gives the picture of a disgruntled, disinterested, intractable and finally insubordinate employee, unwilling to improve his work performance or transfer to other duties, and clearly inviting discharge. His actions were in disregard of the standards of behavior which his employer had the right to expect and of his duties and obligations to his employer. *See Horan v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 194, 300 A.2d 308 (1973).

## ORDER

AND NOW, this 28th day of February, 1975, it is ordered that the appeal be and it hereby is dismissed.