Joseph E. Vesey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Timothy F. Sullivan,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

PER CURIAM OPINION, April 19, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying benefits to Joseph E. Vesey (Claimant). The Board determined Claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802 (e), concluding that his discharge resulted from wilful misconduct.

Claimant had been employed for four years by Sun Shipbuilding and Dry Dock Company as a marine rigger. His last day of work was April 13, 1976. The Employer has a work rule which provides that if an employe receives three pink warning slips within an eight month period, it is cause for dismissal. "Pink slips" are warnings given to those employes who, in the Employer's estimation, are not abiding by established working rules and procedures. Claimant re-

ceived pink warning slips for "loafing" on January 22 and January 30, 1976. The Claimant received a third pink warning slip for "loafing" on April 13, 1976, and as a result was discharged.

Wilful misconduct is defined as a wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which an employer has a right to expect of an employe, or negligence which manifests culpability, wrongful intent, or an intentional disregard of the employer's interests or the employe's obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

While Claimant denied that he was "loafing" on the job, the testimony adduced at the hearing led the Board to conclude otherwise. On the day Claimant received his third "pink slip" for loafing, he stated that he was ill and had sat down while on his way to the infirmary. When the Claimant was asked if he had gone to the infirmary, he replied in the negative, stating that, after he had been issued the third slip, he went to the union hall.

Claimant's accumulation of three "pink slips" in a three month period violated the well defined standard of conduct expected of employes as set forth in the Employer's rules and procedures. Claimant clearly exhibited a deliberate disregard of his Employer's reasonable rule with respect to no loafing during working hours. The Claimant's continued loafing after the initial warning shows a conscious indifference to the duty owed the Employer and amounts to wilful misconduct under Section 402(e) of the Act. *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 300 A.2d 308 (1973). There is substantial evidence present to support the findings

of the Board that the Claimant had been loafing on the third occasion even though he had received two prior warnings. Accordingly, the Claimant was properly denied unemployment benefits under the Act. We affirm.

PER CURIAM ORDER

AND Now, this 19th day of April, 1978, the order of the Unemployment Compensation Board of Review, denying benefits to Joseph E. Vesey, is hereby affirmed.