Israel Rivera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Michael Goldberg,* with him *Marian Frankston,* for petitioner.

*Richard Wagner,* Chief Counsel, with him *Robert F. Skwaryk,* Associate Counsel, and *LeRoy Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 20, 1982:

The appellant is an unemployment compensation claimant whose employer had two work rules here pertinent—the first, that an employee intending to be absent from work report his absence either in writing beforehand or by calling in within an hour after the start of his shift; and the second, that an employee who was the subject of three written warnings concerning absenteeism within one year would be discharged. The claimant admitted knowledge of these rules.

The claimant had been given written warnings for absences on October 12, 1978 and December 26, 1978. He was again absent on April 3, 1979, and discharged on April 4, 1979 for having had three written notices within the year. He was written up for the April 3, 1979 absence for failing to provide the written notice of intended absence or for failing himself to call in within the hour after his shift started. The claimant indeed failed in these respects but contends the employer made too technical an application of its rule for his April 3, 1979 dereliction. He testified at the referee's hearing that he awoke at 4:00 a.m. in the morning of April 3, 1979, three hours before his 7:00 a.m. shift; that he was ill; that, his phone being out of order, he went to a neighbor's home where he called a fellow employee whom he asked to report his intention to miss work; and that he then went back to his home and went to bed. The fellow employee re-

ported the claimant's intended absence to a supervisor. When asked at the hearing why he had not himself called his employer between 7:00 a.m. and 8:00 a.m., the claimant said he didn't wake up until 11:00 a.m. The Board of Review expressly found the claimant's testimony concerning his activities relating to reporting on April 3, 1979, to not be credible.

The absence of an employee from work without notice in violation of a company rule evinces a deliberate disregard of the standards of behavior which the employer may rightfully expect and constitutes willful misconduct. *Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973); *McCone Unemployment Compensation Case,* 199 Pa. Superior Ct. 6, 184 A.2d 275 (1963). We do not agree that the claimant's failure himself to call his employer was a harmless technical oversight. Among other sound reasons for insisting on the employee's personally reporting an intended absence is that the employer is thereby provided with an occasion for learning not only the reason for the absence but also the prospects for the employee's future availability.

The claimant's dependence on *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980) is ineffective. While in that case, too, the employee sent notice of absence by a fellow worker contrary to the work rule, she also produced evidence that the method she used was one she had employed in the past and was accepted practice at her place of employment—which evidence the Board of Review accepted and used as the basis for its conclusion that the claimant had not been guilty of willful misconduct. Not only is there no evidence in this case that the employer had tolerated notices given otherwise than as

its rule required, the Board of Review did not, as it did in *Penn Photomounts, Inc.*, accept the claimant's account of how it came about that he gave improper notice of his absence.

Order affirmed.

### ORDER

AND Now, this 20th day of October, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.